IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THOMAS EMIL SLIWINSKI,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE MURRY, SUSAN GOOD-GEISE, ANDY HUNTHAUSEN, LEO BUTTON, SCOTT FURGERSON, and LEWIS and CLARK COUNTY DETENTION CENTER,<br><br>Defendants. | CV 16-00064-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Thomas Sliwinski submitted a proposed Complaint, alleging claims under the Americans with Disabilities Act (ADA) and a motion to proceed in forma pauperis. The request to proceed in forma pauperis will be granted. Defendant Dutton will be required to respond to the Complaint.[1] The remaining Defendants and Mr. Sliwinski's claims under Title I, III, and IV of the ADA should be dismissed.

I. MOTION TO PROCEED IN FORMA PAUPERIS

---

[1] Mr. Sliwinski names "Leo Button" as the Lewis and Clark County Sheriff. The Court takes judicial notice that the Lewis and Clark County Sheriff is Leo Dutton.

1

Mr. Sliwinski submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) Because he is incarcerated, Mr. Sliwinski must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). Mr. Sliwinski submitted an account statement showing average monthly deposits of $281.76 over the six-month period immediately preceding the filing of his Complaint (January 18, 2016–July 10, 2016). (Doc. 1-1.) Therefore, he must pay an initial partial filing fee of $56.35. 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). A separate order will direct the agency having custody of Mr. Sliwinski to collect the initial partial filing fee from Mr. Sliwinski's account and forward it to the Clerk of Court.

Mr. Sliwinski will be required to pay the remainder of the fee in installments by making monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Sliwinski must make these monthly payments simultaneously with the payments required in any other cases he has filed. *Bruce v. Samuels*, __ U.S. __, 136 S.Ct 627, 629 (2016). By separate order, the Court will direct the facility where Mr. Sliwinski is held to forward payments from Mr. Sliwinski's account to the Clerk of Court each time the account balance exceeds

$10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II. PRELIMINARY SCREENING**

Pursuant to the federal statutes governing proceedings in forma pauperis and cases filed by prisoners, federal courts must engage in a preliminary screening of a case to assess the merits of the claims. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a). Accordingly, the Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A.

Mr. Sliwinski raises claims under Titles I, II, III, and IV of the ADA.[2] As Mr. Sliwinski is complaining about services provided by a public entity, only Title II is applicable in this case. Title II of the ADA applies to the services, programs, and activities provided for inmates by jails and prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 208-13 (1998); *Simmons*, 609 F.3d at 1021-22; *Pierce v. County of Orange*, 526 F.3d 1190, 1214-15 (9th Cir. 2008). "To

---

[2] Americans with Disabilities Act of 1990, § 1, et seq, as amended, 42 U.S.C. § 12101, et seq. (Title I–Employment); § 12132, et seq . (Title II–Public Services); § 12181, et seq. (Title III–Public Accommodations); §12203 (Title IV–Telecommunications).

establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002); *accord Simmons*, 609 F.3d at 1021; *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

Mr. Sliwinski's allegations are sufficient to state a claim under Title II of the ADA at the pleading stage. The proper defendant in an ADA action is the public entity responsible for the alleged discrimination, not an individual officer. *Stanek v. St. Charles Community Unit School Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015); *Everson v. Leis*, 556 F.3d 484, 501 & n. 7 (6th Cir. 2009); *Harris v. Mills*, 572 F.3d 66, 72 (2nd Cir. 2009); *Abbott v. Rosenthal*, 2 F.Supp.3d 1139, 1144 (D. Idaho 2014). Mr. Sliwinski has not named a public entity, but he has named each of the Defendants in their official capacity. "An official-capacity suit 'represents only another way of pleading an action against an entity of which an officer is an agent.' " *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013) (*quoting Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Furthermore, "[a]s long as the government entity receives notice and an

opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Graham*, 473 U.S. at 166. Accordingly, Mr. Sliwinski has properly plead an action against Lewis and Clark County.

Mr. Sliwinski has named five individuals in their official capacities. Since naming the defendants in their official capacity is the same as naming the entity which they represent, it is redundant to name so many defendants in their official capacities. The Court has both the inherent authority to manage its cases and authority pursuant to Federal Rule of Civil Procedure 12(f) to strike from pleadings "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P 12(f). Mr. Sliwinski's claims are brought under the ADA, and therefore, there are no claims brought against the individuals in their personal capacities. For purposes of efficiency, the Court will recommend the dismissal of Mr. Sliwinski's multiple official capacity claims and allow this action to proceed solely against Sheriff Dutton in his official capacity.

The Lewis and Clark County Detention Center is not a legal entity capable of being sued under § 1983. In Montana, a detention center is defined as "a facility established and maintained by an appropriate entity for the purpose of confining arrested persons or persons sentenced to the detention center." Mont. Code Ann. § 7–32–2120. A detention facility is merely a building that cannot be sued. *Barnes*

5

*v. Missoula County Detention Facility*, 2008 WL 5412448 (D.Mont. 2008). The Lewis and Clark County Detention Center should be dismissed.

Based on the foregoing, the Court issues the following:

**ORDER**

1. Mr. Sliwinski's Motion to Proceed in Forma Pauperis (Doc. 1) is **GRANTED**.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2). The Complaint is deemed filed July 25, 2016.

3. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendant Dutton to waive service of summons of Mr. Sliwinski's Complaint by executing, or having counsel execute, the Waiver of Service of Summons.[3] The Waiver must be returned to the Court within **thirty (30) days of the entry date of this Order as reflected on the Notice of Electronic Filing**. If Defendant chooses to return the Waiver of Service of Summons, his answer or appropriate motion will be due within **60 days of the entry date of this Order as reflected on the Notice of Electronic Filing**, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

---

[3] Defendants recommended for dismissal are not required to file a responsive pleading at this time.

4. The Clerk of Court shall forward the documents listed below to Defendant Dutton and the Lewis and Clark County Attorney:

* Complaint (Doc. 2);
* this Order,
* a Notice of Lawsuit & Request to Waive Service of Summons; and
* a Waiver of Service of Summons.

Counsel for Defendant must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

5. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

6. Pursuant to Fed.R.Civ.P. 5(d)(1), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and

the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

7. Mr. Sliwinski shall not make any motion for default until at least seventy (70) days after the date of this Order.

8. Pursuant to Local Rule 26.1(d), no party may begin discovery until a Scheduling Order has been issued.

9. At all times during the pendency of this action, Mr. Sliwinski must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

### RECOMMENDATIONS

1. Defendants Mike Murry, Susan Good-Geise, Andy Hunthausen, Scott Furgerson, and Lewis and Clark County Detention Center should be **DISMISSED**.

2. Mr. Sliwinski's claims brought under Titles I, III, and IV of the ADA fail to state a claim upon which relief may be granted and should be **DISMISSED**.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Sliwinski may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[4] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 4th day of August, 2016.

    /s/ John Johnston
John Johnston
United States Magistrate Judge

---

[4] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THOMAS EMIL SLIWINSKI, <br><br> Plaintiff, <br><br> vs. <br><br> MIKE MURRY, SUSAN GOOD-GEISE, ANDY HUNTHAUSEN, LEO BUTTON, SCOTT FURGERSON, and LEWIS and CLARK COUNTY DETENTION CENTER, <br><br> Defendants. | CV 16-00064-H-DLC-JTJ <br><br> Rule 4 Notice of a Lawsuit and Request to Waive Service of Summons |

TO: Sheriff Leo Dutton      Lewis and Clark County Attorney
       Lewis and Clark County Sheriff's Dept.   228 Broadway
       221 Breckenridge      Helena, MT 59601
       Helena, MT 59601

A lawsuit has been filed against you or individuals you may represent in this Court under the number shown above. A copy of the Complaint is attached.

This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshal's Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

1

If you file the signed waiver, the action will then proceed as if Defendant Dutton was served on the date the waiver is filed, but no summons will be served on Defendant and Defendant will have 60 days from the date this notice is sent (see the date below) to answer the Complaint.

If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshal's Service to serve the summons and complaint on Defendant and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 4th day of August, 2016.

    /s/ John Johnston
John Johnston
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.
"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THOMAS EMIL SLIWINSKI,<br><br>Plaintiff,<br><br>vs.<br><br>MIKE MURRY, SUSAN GOOD-GEISE, ANDY HUNTHAUSEN, LEO BUTTON, SCOTT FURGERSON, and LEWIS and CLARK COUNTY DETENTION CENTER,<br><br>Defendants. | CV 16-00064-H-DLC-JTJ<br><br>Rule 4 Waiver Service of Summons |

TO: The U.S. District Court for the District of Montana

The following Defendant acknowledges receipt of your request to waive service of summons in this case. Defendant also received a copy of the Complaint. I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individual be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____

The above-named Defendant understands that he will keep all defenses or

1

objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waives any objections to the absence of a summons or of service.

      Defendant also understands that he must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if he fails to so default judgment will be entered against him.

Date: _____

_____
(Signature of the attorney
or unrepresented party)


_____
(Printed name)


_____
(Address)


_____
(E-mail address)


_____
(Telephone number)