IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THOMAS EMIL SLIWINSKI,<br><br>Plaintiff,<br><br>vs.<br><br>SHERIFF LEO DUTTON,<br><br>Defendant. | CV 16-00064-H-JTJ<br><br><br><br>ORDER |

Plaintiff Thomas Sliwinski, an inmate proceeding in forma pauperis and without counsel, filed a Complaint pursuant to the Americans with Disabilities Act. (Doc. 2) Defendant filed a motion for summary judgment arguing that Mr. Sliwinski failed to exhaust his administrative remedies.

Having considered the parties' arguments and submissions, the Court determines that Defendant met his burden of demonstrating that administrative remedies were available and Mr. Sliwinski failed to properly utilize those remedies. The Motion for Summary Judgment (Doc. 27) is granted.

I.  **MOTION TO DENY EXHIBITS**

Attached to Defendant's Motion for Summary Judgment is a declaration in which counsel attests to the attached exhibits being true and correct copies. (Doc.

1

29.) Mr. Sliwinski moves to deny these exhibits arguing that declarations must be made on personal knowledge and counsel does not have personal knowledge of exhibits A, B, and C attached to her affidavit. (Doc. 39.) Counsel responded with the Affidavit of Sgt. Ferguson which authenticated the exhibits at issue.

"Unauthenticated documents cannot be considered in a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

> But the requirement that documents be authenticated through personal knowledge when submitted in a summary judgment motion "is limited to situations where exhibits are introduced by being attached to an affidavit" of a person whose personal knowledge is essential to establish the document is what it purports to be—that it is authentic.

*Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 533 (9th Cir. 2011) (quoting *Orr*, 285 F.3d at 778 n. 24). The Court can consider other means of authentication such as Federal Rule of Evidence 901 which provides that documents can be "authenticated by review of their contents if they appear to be sufficiently genuine." *Id.* (citing *Orr*, 285 F.3d at 778 n. 24; Fed.R.Evid. 901(b)(4)).

Regardless of whether or not the documents were sufficiently authenticated when the motion for summary judgment was filed, any defect has now been cured by Sgt. Ferguson's Affidavit. The motion to deny exhibits will be denied and the attached exhibits will be considered in the analysis of Defendant's motion.

## II. STANDARD

Summary judgment is appropriate if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party moving for summary judgment has the initial burden of showing there is no genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If the moving party makes a prima facie showing that summary judgment is appropriate, the burden shifts to the opposing party to show the existence of a genuine issue of material fact. *Id.* On summary judgment, all inferences should be drawn in the light most favorable to the party opposing summary judgment. *Id.* at 159.

By notice provided on January 20, 2017 (Doc. 31), Mr. Sliwinski was advised of the requirements for opposing a motion for summary judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

## III. FACTS

### A. Allegations

On July 25, 2016, Mr. Sliwinski filed this action, alleging Sheriff Dutton and other named Defendants violated the Americans with Disabilities Act ("ADA") by failing to provide handicapped accessible toilets, showers, beds, tables, chairs and other furniture, by failing to have ramps and rails on walkways, by failing to allow him to exercise due to his disability, by failing to provide diabetic meals to him, by failing to have handicapped accessible phones to accommodate his hearing loss, and general safety issues. (Complaint., Doc. 2.) Pursuant to the screening process mandated by 28 U.S.C. §§ 1915, 1915A, the Court dismissed all defendants other than Sheriff Dutton, and all claims other Mr. Sliwinski's claims under 42 U.S.C. § 12132 (Title II of the ADA). (Screening Order, Doc. 3.)

### B. Facts related to Grievance Procedures

Mr. Sliwinski was incarcerated in the Lewis and Clark County Detention Center ("Detention Center") beginning in January 2016. (Statement of Undisputed Facts ("SUF"), Doc. 30 at ¶ 1.) The Detention Center uses an electronic kiosk system for inmates to file written grievances. (SUF, Doc. 30 at ¶ 2.)

Detention Center Policy No. D8.01 sets out the process by which inmates may submit grievances, complaints, or requests to the Detention Facility. (SUF,

Doc. 30 at ¶ 3.) Under this policy, inmates are required to submit written grievances or complaints to the facility command and a written response will be provided after investigation by the supervisor. (SUF, Doc. 30 at ¶¶ 4, 5.) The policy also describes additional actions available to an inmate if he is not satisfied with the written response from facility command, including judicial action. (SUF, Doc. 30 at ¶ 6.)

While at the Detention Center, Mr. Sliwinski grieved a number of issues, which are documented in the Resident Request Report. (SUF, Doc. 30 at ¶ 7.) Inmate submissions are grouped by type, and categorized as grievance, inmate request, or medical grievance. (SUF, Doc. 30 at ¶ 8.) Most of Mr. Sliwinski's grievances or requests were unrelated to his claims in this lawsuit. They range from claiming that the commissary had "ripped him off" when he did not get a box of food and supplies to requesting he be provided access to a notary for legal papers. (SUF, Doc. 30 at ¶ 9.)

On February 14, 2016, Mr. Sliwinski filed a grievance stating that he needed to shower in a separate shower because his wounds were concerning to the other inmates and because the shower in the booking room fit his walker better. (SUF, Doc. 30 at ¶ 10.) Sgt. Ferguson of the Detention Center responded three hours later, and told Mr. Sliwinski that he had been medically cleared to general

population and that he would ask medical if there was any reason he could not shower in general population. (SUF, Doc. 30 at ¶ 11.) Mr. Sliwinski disputes that Sgt. Ferguson got back to him. (Statement of Disputed Facts, ("SDF"), Doc. 38 at ¶ 11.)

Mr. Sliwinski also submitted grievances regarding not getting his insulin shots (SUF, Doc. 30 at ¶¶ 12, 16) and requesting tennis balls for his walker (SUF, Doc. 30 at ¶ 18). He filed one medical grievance regarding a nurse failing to dress his wounds properly. (SUF, Doc. 30 at ¶ 21.) He filed five medical requests asking for glasses, inquiring about a medication side effect, requesting to see a doctor for a boil or cyst on his right buttock, and a request for Cymbalta for leg pain. (SUF, Doc. 30 at ¶¶ 23, 24.)

## IV. DISCUSSION

The Prison Litigation Reform Act ("PLRA")'s exhaustion requirement states:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). This means a prisoner must

"complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Exhaustion is mandatory. *Booth,* 532 U.S. at 741; *Jones v. Bock*, 549 U.S. 199, 211 (2007). Under the PLRA, prison regulations define the exhaustion requirements. *Jones*, 549 U.S. at 218.

The defendant bears the ultimate burden of proving failure to exhaust. *See Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005). If the defendant initially shows that (1) an available administrative remedy existed and (2) the prisoner failed to exhaust that remedy, then the burden of production shifts to the plaintiff to bring forth evidence "showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). Once the defendant has carried that burden, the prisoner must produce evidence demonstrating that "the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (internal citations and quotation marks omitted).

"The ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.' "

*Ross v. Blake*, 136 S.Ct. 1850, 1858 (June 6, 2016) (citing *Booth*, 532 U.S., at 737–738.)  Therefore, inmates must exhaust those "grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id.* at 1859 (quoting *Booth*, 532 U.S., at 738, 121 S.Ct. 1819.)

If a prisoner has failed to exhaust available administrative remedies, the appropriate remedy is dismissal without prejudice.  *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003), *overruled in part on other grounds by Albino*, 747 F.3d 1162.

There is only one grievance filed by Mr. Sliwinski which could even possibly be construed as an attempt to exhaust his administrative remedies with regard to the issues raised in this case.  On February 14, 2016, Mr. Sliwinski filed a grievance stating that he needed to shower in a separate shower because his wounds were concerning to the other inmates and because the shower in the booking room fit his walker better.  But that grievance did not discuss or ask for a shower equipped with any special rails, lifts or chairs for access, nor did the grievance state that Mr. Sliwinski was unable to shower based on any disability or physical limitation.  (SUF, Doc. 30 at ¶ 10.)

Even if the Court were to liberally construed this as a grievance attempting to exhaust administrative remedies regarding the ADA shower conditions, it is not

8

sufficient to satisfy the exhaustion requirement because Mr. Sliwinski did not appeal the response to his shower grievance. Although he claims that he did know about the grievance policy, he admits he was given a copy of the Inmate Rules which state:

> Resident Complaint Review System: The purpose of this system is to provide all residents with a means to air and resolve complaints as fairly and expeditiously as possible. All resident's complaints will be channeled through the KIOSK system. Residents are not prohibited from writing to public officials or from commencing a civil rights action. Complaints must be limited to matters concerning policy, practices, rules, treatment, conditions or exercise of authority by the detention facility or its employees. Complaints will be investigated by the assigned supervisor and will be reviewed by the detention captain who will render a decision. If a resident is not satisfied, he/she may appeal the decision to the sheriff. The sheriff's decision shall be final.

(Inmate Rules and Regulations, Doc. 43-2 at 6.)[1] The rules provided to Mr. Sliwinski clearly provide that if he was not satisfied he could appeal to the sheriff. He did not do so.

Mr. Sliwinski admits that he submitted no written grievances relating the issues in this case such as handrails, ramps, handicapped accessible beds, furniture, showers, toilets, a lack of accessibility to areas of the detention facility such as the

---

[1]Mr. Sliwinski argues that the Rules and Regulations submitted by Defendant is a forgery (Sur-Reply, Doc. 43 at 3) but he submits his own copy of the Rules. (Sur-Reply, Exh. E, Doc. 43-2.) The Court has quoted from Mr. Sliwinski's exhibit.

recreation room, a lack of accessibility to courthouse facilities, improper nutrition, failure to provide "diabetic" meals to Mr. Sliwinski, hearing impairment issues, a lack of accessibility to special equipment or phones for hearing impairment, or "safety" concerns at the Detention Center. (SUF, Doc. 30 at ¶¶ 25-29.) Mr. Sliwinski argues that he made verbal requests regarding most of these issues. (SDF, Doc. 38 at ¶¶ 23-29.) He contends that he came with medical reports for treatment including how, when to take showers in a handicapped stall along with what type of toilets he needed, his health condition and his wounds opening up daily. He alleges he made verbal requests and complaints and that Sgt. Ferguson got back to him. (SDF, Doc. 38 at ¶¶ 10, 11.) But again, Mr. Sliwinski was given a copy of the inmate rules which requires all inmate complaints to go through the kiosk system. A verbal request is insufficient to satisfy the grievance requirement at the Detention Center. As such, Mr. Sliwinski failed to exhaust the administrative remedies available to him.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Slwinski's Motion to Deny Exhibits (Doc. 39) is DENIED.

2. Defendant's Motion for Summary Judgment (Doc. 27) is GRANTED.

3. The Clerk of Court is directed to close this matter and enter judgment in

favor of Defendant pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4.  The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.

DATED this 23rd day of June 2017.

/s/ John Johnston
John Johnston
United States Magistrate